# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TOBIA IPPOLITO,** | Case No. 20–cv–18246–KM–ESK |
| Plaintiff, | |
| v. | |
| **STUART J. RABNER, C.J.S.C.,** *et al.*, | **OPINION AND ORDER** |
| Defendants. | |

**KIEL**, U.S.M.J.

  **THIS MATTER** is before the Court on *pro se* plaintiff Tobia Ippolito's motion for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1) (Motion). (ECF No. 7.) No defendant has appeared in this matter and the Motion is unopposed. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

  Ippolito initiated this action on December 8, 2020. (ECF No. 1.) The defendants named in the complaint include Lisa C. Ippolito (his former spouse), numerous New Jersey Judges, and certain government officials. (*Id.*) Ippolito alleges various violations under the United States Constitution, including equal protection and due process infringements. (*Id.* pp. 1–5.) The complaint asserts six causes of action: violations of the Fifth and Fourteenth Amendments (count one); deprivation of equal protection, denial of due process, and disparate treatment of Ippolito (count two); intentional and/or negligent infliction of emotional distress (count three); wrongful execution and enforcement of law (count four); as against co-defendant Thomas J. Critchley, Jr., violations of various federal laws (count five); and against all other defendants, various allegations of frivolous litigation, professional misconduct, and abuse of process (count six). (*Id.* pp. 25–28, 31.)

The complaint describes an acrimonious matrimonial action with Ippolito's former spouse that commenced in July of 2012, and chronicles a series of subsequent judicial rulings and government actions seemingly unfavorable to Ippolito.  (*Id.* pp. 5–25, 28–32.)  Ippolito alleges certain Judges also expressed hostility towards him at legal proceedings.  (*Id.* ¶¶ 4, 40, 42, 43, 96.)  Based on a supposed conspiracy among public officials "banding together," Ippolito claims he was "stripped" of his "entire fortune" and made a "pauper."  (*Id.* ¶ 4.)  The complaint vaguely requests various types of relief (*id.* ¶ 5), but elsewhere demands specific relief in the form of a right to petition the New Jersey Supreme Court.  (*Id.* pp. 36–37.)  Ippolito filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 1-1), which was granted on January 28, 2021.  (ECF No. 8.)

Ippolito filed the Motion on January 27, 2021.  (ECF No. 7.)  In support of the Motion, he submitted a signed, notarized Affidavit of January 27, 2021 (Affidavit).  (ECF No. 7-1 pp. 5–11.)  The Affidavit states that this matter "arises from events that occurred in … litigation in the New Jersey Superior Court, Chancery Division, Family Part."  (*Id.* ¶ 2.)  Ippolito also avers in the Affidavit as follows: "[b]ecause I have been incarcerated and … continue to be threatened with … repeated incarceration, this litigation has and continues to infringe on my liberties and is akin to criminal litigation."  (*Id.* ¶ 3.)  The Affidavit argues that Ippolito's present lawsuit has "substantial merit" and that he "will ultimately prevail on the merits if properly argued by counsel."  (*Id.* ¶ 7.)  Portions of the Affidavit also proffer additional grounds for the appointment of counsel *pro bono*.  (*Id.* ¶¶ 10–15.)

## LEGAL ANALYSIS AND DISCUSSION

The Court has the discretion to appoint attorneys to represent litigants who are "unable to afford counsel[.]"  28 U.S.C. § 1915(e)(1).  The appointment of counsel in a civil case is a privilege, not a statutory or constitutional right.  *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011).  The decision to appoint

counsel "must be made on a case-by-case basis." *Tabron v. Grace*, 6 F.3d 147, 157–58 (3d Cir. 1993). The Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).

The decision to appoint *pro bono* counsel for plaintiffs proceeding *in forma pauperis* involves a two-step analysis. *Howard v. Reyes*, No. 18-00800, 2020 WL 3958483, at *2 (D.N.J. July 13, 2020). First, the Court "must decide … the critical threshold determination of whether [plaintiff's] case has arguable merit in fact and law." *Tabron*, 6 F.3d at 158. Once a plaintiff overcomes this threshold, the Court should then consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and plaintiff's ability to pursue investigation; (4) plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *See Tabron*, 6 F.3d at 155–57. "This list of factors is not exhaustive [and] should serve as a guidepost[.]" *Parham*, 126 F.3d at 458 (citing *Tabron*, 6 F.3d at 155). However, where the factual and legal issues "have not been tested or developed by the general course of litigation … factors (2)–(5) of *Parham*'s test [are] particularly difficult to evaluate." *Howard*, 2020 WL 3958483, at *2 (citing *Chatterjee v. Phila. Fed'n of Teachers*, Nos. 99-04122 and 99-04233, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000) (stating that unlike *Parham*, which concerned a directed verdict ruling, and *Tabron*, which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture)).

The Court, after examining the complaint in detail, finds that Ippolito's case lacks sufficient merit in fact and law that would support the appointment of *pro bono* counsel at this time. *Tabron*, 6 F.3d at 158. At bottom, the essence of the complaint stems from Ippolito's dissatisfaction with the outcome of matrimonial litigation with his former spouse. Ippolito's pleading, while lengthy, is often rambling and lacks coherence. Much of the complaint is devoted to reciting a decade's worth of factual background and procedural history, including the underlying matrimonial action and the myriad proceedings subsequent thereto. (ECF No. 1 pp. 5–25.). While the complaint, at times, does appear to identify some elements of the causes of action enumerated therein (*id.* pp. 25–27, 30), Ippolito's factual allegations remain unintelligible, and the Court is not positioned to glean meritorious causes of action from Ippolito's pleading. As such, the Court finds that Ippolito's claims are not sufficiently "meritorious" in fact and law under the first prong of the two-step analysis. *Parham*, 126 F.3d at 459. Accordingly, the Motion is denied. Since the Court finds Ippolito's claims lack arguable merit, the Court need not analyze the "guidepost factors" under *Parham*.[1]

The *Tabron* Court recognized "the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Tabron*, 6 F.3d at 157. This Court recognizes that "where a plaintiff's case appears to have merit and most of the aforementioned [*Parham*] factors have been met, courts should make every attempt to obtain counsel." *Parham*, 126 F.3d at 461 (citing *Mallard*

---

[1] Moreover, even if Ippolito had demonstrated that his case has some arguable merit in fact and law, since the factual and legal issues in this case "have not been tested or developed by the general course of litigation[,]" presently factors (2) through (5) of *Parham* remain "particularly difficult to evaluate[.]" *Howard*, 2020 WL 3958483, at *2.

*v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989)). Here, since Ippolito has not satisfied his burden of showing his lawsuit possesses some arguable merit in fact and law, the Motion is denied.

## CONCLUSION

Accordingly, and for the reasons stated above,

**IT IS** on this 8th day of **February 2021 ORDERED** that:

1. Plaintiff's Motion (**ECF No. 7**) is **DENIED**.

2. The Clerk of the Court is directed to terminate the Motion at ECF No. 7.

3. The Clerk of the Court is directed to transmit a copy of this Opinion and Order to plaintiff by regular mail.

                                          */s/ Edward S. Kiel*
                                          **EDWARD S. KIEL**
                                          **UNITED STATES MAGISTRATE JUDGE**