# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TOBIA IPPOLITO,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**STUART J. RABNER, et al.,**<br><br>    **Defendants.** | Civ. No. 20-18246 (KM) (ESK)<br><br>**MEMORANDUM & ORDER** |

    After filing his original complaint, the plaintiff, Mr. Ippolito, was granted in forma pauperis status. (DE 8) Magistrate Judge Kiel denied his application for pro bono counsel. (DE 10) In doing so, Judge Kiel observed that the complaint lacked the threshold arguable merit in fact and law that would support such an appointment.

    The usual next step would have been preliminary screening of the complaint for merit pursuant to 28 U.S.C. § 1915(e)(2). That did not occur, however, because Mr. Ippolito then filed two letters.

    In the first letter (DE 11), Mr. Ippolito stated his intention to amend his complaint and sought an extension of 30 days to do so. I granted that application. (*See* Order, DE 13)

    The second letter (DE 12) was phrased as an objection to Judge Kiel's denial of the plaintiff's motion for appointment of pro bono counsel. In the same Order, I stayed any ruling on that objection because, I believed, an amended complaint was pending. In doing so, I reasoned as follows:

> Denial of pro bono counsel, particularly at the outset of litigation, is without prejudice to a further application in light of procedural developments. Moreover, Judge Kiel's decision was based, in substantial part, on the lack of a preliminary showing of merit.
>
> The plaintiff will shortly be submitting an amended complaint, however, and that complaint will be reviewed to

> determine whether it states a claim. *See* 28 U.S.C. § 1915(e)(2) (providing for screening of complaints filed *in forma pauperis*). I therefore will stay my review of Judge Kiel's decision pending receipt of an amended pleading.

(DE 13)

At plaintiff's request, on March 26, 2021, I granted an additional 30-day extension of the time to file a proposed amended complaint. (DE 16) No amended complaint has been filed, however.

On December 13, 2021, this Court issued a notice of call for dismissal based on non-prosecution. (DE 19) Mr. Ippolito did not precisely respond, but he has sent the Court letters in which he complains of mistreatment by the state court and state officials, refers to incarceration and house arrest, says he is suffering from PTSD as a result, and raises other matters. (DE 20, 21, 22, 25, 26) These I will interpret liberally as, *inter alia,* his opposition to the call for dismissal and statement of intent to pursue the litigation. It appearing that the plaintiff does wish to proceed with his case, I will vacate the notice of call for dismissal and permit the case to proceed.

Mr. Ippolito also demands that the Court, rather than staying consideration of his objection to denial of pro bono counsel, rule on that objection forthwith. I stayed consideration based on my belief that the plaintiff wished to amend his complaint, and thereby potentially improve his application for counsel. At his request, however, I will rule on his objection now. Judge Kiel's order will be affirmed, essentially for the reasons stated in his well-reasoned Opinion. (DE 10)

IT IS THEREFORE, this 18th day of July, 2022,

ORDERED as follows:

1. The objection (DE 12) to Judge Kiel's denial of the motion (DE 4) for pro bono counsel is DENIED, and Judge Kiel's order (DE 10) is AFFIRMED. This ruling is, however, without prejudice to renewal of the application if warranted by further developments.

2. If the plaintiff wishes to submit a proposed amended complaint, he must do so within 30 days after this Order, *i.e.,* by August 18, 2022. Any such amended complaint must be a *short* and *plain* statement of the relevant facts and claims, without elaborate argumentation or citation of authority.

3. If no proposed amended complaint is timely received, the Court will review the original complaint for sufficiency pursuant to 28 U.S.C. § 1915(e).

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**